IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH TESORO | § § § § | |
| Plaintiff | | |
| V. | § § § § § | Civil Action No. _____ |
| MESA SPRINGS LLC | § § § § | |
| Defendant | | |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joseph Tesoro files this his Original Complaint against Mesa Springs, LLC and alleges as follows:

A.   NATURE OF COMPLAINT

This is an action instituted pursuant to alleged violations of the Plaintiff's rights under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. 621 et seq, Title VII of the Civil Rights Act of 1964 as amended, 42.U.S.C. 2000e, et seq  and under Texas Labor Code § 21.051 to remedy acts of employment discrimination perpetrated against him by Defendant Mesa Springs, LLC ("Mesa Springs").  Plaintiff contends that Mesa Springs' employees discriminated against him because of his age and his sex on more than one occasion when he was complained about another female co-worker who he believed had created a hostile work environment for him. When he complained about the individual, the Director of Nursing told the Plaintiff that because he was a man and was older, and his complaint would not be addressed.  After this the Director of Nursing wrote him up three times within a month and then fired him.

1

### B. PARTIES

1. Plaintiff, Joseph Tesors is an individual who is a citizen of the State of Texas.

2. Defendant, Mesa Springs, LLC, is a limited liability company organized in Delaware and doing business in Texas at 5560 Mesa Springs Dr., Fort Worth, TX 76123. Defendant may be served by delivering a copy of the summons and of the complaint to Defendant's registered agent, Corporation Service Company at 211 E. 7th St., Suite 620, Austin, TX 78701.

### C. JURISDICTION and VENUE

3. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and Age Discrimination in Employment Act ("ADEA") 29 U.S. C. et seq.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)2 because a substantial part of the events or omissions giving rise to this claim occurred in this district and pursuant to 42 U.S.C. Section 2000e-5(f)(3) as Plaintiff was employed at Mesa Springs in Fort Worth, Texas and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

### D. FACTUAL BACKGROUND

5. Plaintiff Joseph Tesoro ("Plaintiff" or "Mr. Tesoro") was a fifty-nine (59) year old white male who is trained as a registered nurse ("RN") and who had been in nursing since approximately 2008. At the time of the incidents detailed below, he had been employed at Mesa Springs since 2016. During the first few years of his employment, he got along well with other staff, received positive evaluations, and had no problems until the latter part of 2018.

6. Mr. Tesoro was the only nurse for the Outpatient Program at the Fort Worth location.[1]

---

[1] All other Mesa Springs locations have two nurses in this department.

Although he had been promised assistance in the form of a second nurse being hired, this did not occur, and he put in his resignation during April 2017. The Director of Outpatient Services, Jimmye Lou Cockrell, asked Mr. Tesoro to stay on with the promise of a second nurse being hired. However, the head of Human Resources ("HR") for the Fort Worth area, Jill Housing, refused to accept his resignation and told Mr. Tesoro that Mesa Springs was not going to hire a second full time person but that he would receive some part time help if he stayed in the position. Mr. Tesoro withdrew his resignation on the promise of getting assistance. However, that assistance was never provided.

7.     Sometime in May 2017, Plaintiff started working with an individual named Kristen Graham ("Graham")[2] who was hired as "Outpatient Coordinator." Graham would hold back paperwork from Mr. Tesoro and not inform him when patients arrived which was her job to do. Mr. Tesoro felt that Graham was doing this on purpose and so he reported the situation as a hostile work environment complaint to HR in July 2017[3] to let HR know that Graham had made the workplace so hard for him that it had become hostile to him. After he filed the complaint, the Director of Nursing, Ana Ramirez ("Ramirez"), who was his supervisor told him that she was not going to address the complaint because "You are a man, you are older, and she is just a young girl who is learning – deal with it." As a result, the problems with Graham continued unresolved for Mr. Tesoro.

8.     During the first part of September 2018, Ramirez informed Tesoro that he was not doing certain of his paperwork correctly. Mr. Tesoro informed Ramirez that he had not been given the appropriate training and asked for that training to ensure that his paperwork was done correctly. Ramirez stated told Mr. Tesoro, "I am not training a seasoned nurse." About one week later on

---

[2] Graham was a female and significantly younger than the Plaintiff.
[3] He complained to Sarah Salerno.

September 14, 2018, Ramirez wrote up Mr. Tesoro because "he was not meeting the identified nursing standards of care."  The write-up also claimed that Mr. Tesoro had received multiple unidentified trainings which was not accurate or true.  Mr. Tesoro asked for an opportunity to write a response and Ramirez refused to allow him to do so.  So, Mr. Tesoro refused to sign the write-up and he called Defendant's corporate HR complaining that he was being discriminated against by Ramirez for his age and sex, as Ramirez refused to train him because he was a "seasoned" nurse.  Mr. Tesoro spoke with Sarah Salerno in HR who said she would speak to the person in charge of clinical nursing.   Mr. Tesoro was so upset over the situation that he became physically ill and had to seek medical attention.  He called in sick on September 17-18, 2018 and went to the doctor.  Mr. Tesoro provided Ramirez with an MD's note upon his return.  Ramirez subsequently agreed to train Mr. Tesoro but on the day that she committed to train him, she cancelled and never rescheduled the training.

9.      A few weeks later on approximately October 11, 2018 Ramirez wrote up Mr. Tesoro again as a final warning.  The complaints in the October write-up were a gross fallacy that attacked Mr. Tesoro's demeanor and professionalism – neither of which had ever been called into question during the two and a half years of Mr. Tesoro's employment.  Mr. Tesoro believed that he was now being retaliated against by Ramirez because he called the corporate office to complain about her.  Mr. Tesoro took the following day off (October 12).  He followed procedure to request the day off[4] and got a text message confirmation from Ramirez that this was not a problem.  Mr. Tesoro informed Ramirez at the same time that he would also be off on the following Monday (October 15) due to his brother's surgery and the need for Mr. Tesoro to take him to the follow up appointment.

---

[4] There is a requirement of a prior two-hour notice.

4

10. Ramirez subsequently fired Plaintiff on October 16, 2018 due to his absences on October 12 and October 15, 2018 and also for "insubordination.[5]" Ramirez claimed in the final write-up that Mr. Tesoro had "4 absentee occurrences in a rolling six-month period" which was incorrectly calculated as follows:

• 6/4/2018 – Took day off for an MD appointment at the Veterans Hospital of Dallas (Mr. Tesoro is a veteran)- This should have been counted as a PTO day –not as excessive absenteeism

• 9/13/2018 – Day off which Ramirez okayed. PTO day.

• 9/17-9/18 – sick – Produced MD excuse.  PTO days

• 10/12/2018 – Took Day off – PTO day- Okayed by Ramirez via text message. Called corporate HR to complain about treatment by Ramirez.

• 10/15/2018 – Day off to take brother to follow up visit with MD after surgery. – PTO Day okayed by Ramirez.

11. As a result of Ramirez' actions, Mr. Tesoro was also denied any unemployment benefits from the Texas Workforce Commission ("TWC") which initially granting the benefits for Mr. Tesoro.  Mesa Springs appealed TWC's decision.  Hernandez was on the appeals hearing phone call and took the position that Mr. Tesoro was fired for misconduct based on Ramirez' write ups which were submitted as evidence. TWC subsequently reversed its position and denied unemployment benefits for the Plaintiff.

12. On August 29, 2019, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").[6]  On September 20, 2020, Plaintiff received a "Notice of Right to Sue" letter from the EEOC.[7]

---

[5] Tesoro taped this encounter with Ramirez.
[6] A true and correct copy of the Charge of Discrimination filed with the EEOC by Plaintiff is attached and incorporated into Plaintiff's Original Complaint as Exhibit 1.
[7] A true and correct copy of the Notice of Right to Sue Letter from the EEOC is attached and incorporated into

13.     Defendant has been unable to find employment in his chosen field of work of nursing since his termination.

### E.     COUNT ONE

**Age Discrimination in Violation of Age Discrimination in Employment Act**

**29 U.S.C 621 et seq**

14.     The foregoing paragraphs are realleged and incorporated by reference herein.

15.     Defendant is an employer within the meaning of the ADEA, is engaged in an industry affecting commerce, and has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

16.     Defendant intentionally discriminated against Plaintiff by refusing to address his complaints about a younger, female employee through Director Hernandez telling Plaintiff that "You are a man, you are older, and she is just a young girl who is learning – deal with it."  Director Hernandez continued this pattern of discrimination by refusing to provide adequate training to Plaintiff even after Plaintiff requested it because Hernandez told the Plaintiff that she refused to train a "seasoned" nurse.  After Plaintiff complained to HR about Hernandez, Defendant through the person of Hernandez then wrote up Defendant because "he was not meeting the identified nursing standards of care."  Defendant, through Hernandez, continued its pattern of retaliation by writing him up a second time for days off that he had taken despite having okayed the days off via text message.  Plaintiff filed a complaint of retaliation with Defendant's HR on October 12, 2018 and on October 16, 2018 Defendant issued a final written warning for taking days off and insubordination and terminated him.

### F.     COUNT TWO

---

Plaintiff's Original Complaint as Exhibit 2.

## **Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964,**

## **42 USC 2000e. et seq.**

17.     The foregoing paragraphs are realleged and incorporated by reference herein.

18.     Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.  Plaintiff is an employee within the meaning of Title VII.

19.     Plaintiff is a white male. Plaintiff was employed as a nurse in the Outpatient Program at Defendant.  Plaintiff was the only nurse working in that position for Defendant. Plaintiff complained to his female supervisor, Hernandez, about the actions of a younger female employee who he felt was creating a hostile work environment for him.  The female supervisor refused to consider or address the complaint telling Plaintiff that "You are a man, you are older, and she is just a young girl who is learning – deal with it."  Hernandez also refused to train Plaintiff because he was a "seasoned" nurse. Defendant's employee, Hernandez was empowered by Defendant to take tangible employment actions against Plaintiff including the authority to discipline and terminate Plaintiff which is what she did.  Other female employees participated in the campaign against the Plaintiff including Kristin Graham and Rebekah Bynum, Director of Adult Outpatient Services for Defendant.

20.      Ana Hernandez created a hostile working environment for Plaintiff because of his sex and age by refusing to address his complaints regarding another employee who was female and younger than Plaintiff.  Hernandez' conduct was so severe that it ultimately altered the terms and conditions of Plaintiff's employment when Hernandez fired Plaintiff for "insubordination."

21.     Defendant is strictly liable for Hernandez' discriminatory conduct because Hernandez took

a tangible employment action against Plaintiff that significantly changed Plaintiff's employment status.

## COUNT THREE

### Violation of Texas Labor Code

17. The foregoing paragraphs are realleged and incorporated by reference herein.

18. Defendant is an employer as defined under Texas Labor Code § 21.002(8)a.

19. Plaintiff is an employee as defined under Texas Labor Code § 21.002(7).

20. Defendant's decision to refuse to address Plaintiff's complaints about a younger female employee through Hernandez telling Plaintiff that "You are a man, you are older, and she is just a young girl who is learning – deal with it" is a violation of Texas Labor Code § 21.051.

### G.   DAMAGES

21. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following damages:

   a. Plaintiff was discharged from employment with Defendant.  Although Plaintiff has diligently sought other employment, he has been unable to find a position in his chosen profession at comparable salary.

   b. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits.

   c. Defendant's conduct was an intentional and willful violation of the ADEA.  Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA.

### H.   ATTORNEY'S FEES AND COSTS

22. Plaintiff is entitled to an award of attorney's fees and costs under both Title Vii, 42 U.S.C.

200e-5(k) and under the ADEA.

## I. PRAYER

23. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a. Compensation for all lost wages and benefits, including loss of Social Security benefits;

   b. Liquidated damages as allowed under the ADEA;

   c. Prejudgment interest on lost wages and benefits and Postjudgment interest on all sums, including attorney's fees;

   d. Reasonable attorney's fees and costs of suit; and

   e. All other relief to which the Court deems appropriate.

Respectfully submitted,

/S/Debra Edmondson
Debra Edmondson
Texas Bar 24045824

**The Edmondson Law Firm, PLLC**
P.O. Box 92801
1100 E. Southlake Blvd., Ste. 400
Southlake, TX   76092

817-416-5291 (O)

debra@edmondsonlawfirm.com